OPINION
Appellant Tornondo Pugh is appealing his conviction, for attempted rape, from the Stark County Court of Common Pleas. The following facts give rise to this appeal.
On the evening of the incident, March 19, 1998, Henry Jackson invited appellant over to his girlfriend's residence, Michelle Holla, to play video games and drink alcohol. At approximately 12:15 a.m., Mr. Jackson left Holla's residence in response to a page from his children. At that point, Ms. Holla went into her bedroom to change the music on her CD player. Appellant entered the bedroom, wearing only his boxer shorts and a T-shirt. Appellant exposed his penis as he entered the bedroom. Appellant pushed Ms. Holla onto the bed and pinned her hands down with his knees. Appellant ordered Ms. Holla to perform oral sex on him. Ms. Holla refused to do so and appellant slapped Ms. Holla across her face several times with his penis.
When Mr. Jackson returned to Ms. Holla's residence, he heard Ms. Holla screaming. Mr. Jackson also heard appellant yelling profanities. Upon entering the bedroom, he observed appellant on top of Ms. Holla with his penis exposed. Ms. Holla managed to push appellant off of her and appellant fell to the floor. Thereafter, Mr. Jackson put appellant in a head lock. Mr. Jackson released appellant after he told him he would leave the residence peacefully. Appellant then attempted to punch Mr. Jackson and Mr. Jackson punched appellant and threw appellant out of the apartment. Appellant yelled profanities and urinated on the apartment steps before leaving. After appellant left her residence, Ms. Holla called the police.
On March 27, 1998, the Stark County Grand Jury indicted appellant with one count of attempt to commit rape. The jury trial of this matter commenced on May 20, 1998. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to four years imprisonment. Pursuant to R.C. Chapter 2950, appellant stipulated to the classification of sexually oriented offender.
Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant contends, in his sole assignment of error, the jury's verdict is against the manifest weight and sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175. It is based upon this standard that we review appellant's assignment of error.
Upon review of the record, we find the jury's verdict is supported by the sufficiency of the evidence and is not against the manifest weight of the evidence. Ms. Holla testified that appellant attempted to force her to perform oral sex on him. Tr. Vol. II at 117. Further, Mr. Jackson caught appellant in the act.Id. at 145-146. Mr. Jackson testified that he heard screaming upon entering Ms. Holla's residence. Id. This testimony would refute appellant's claim that the encounter was consensual. The investigating officer testified that Ms. Holla had red marks on her face and neck which is consistent with Ms. Holla's testimony that appellant struck her in the face with his penis. Id. at 163. The investigating officer also testified that Ms. Holla was visibly upset. Id. at 162. Although appellant argues Ms. Holla informed Gary Lennon that the sexual encounter was consensual, Mr. Jackson testified that Gary Lennon requested Ms. Holla drop the charges against appellant because he had a business relationship with appellant. Id. at 186.
We find the evidence does not weigh heavily against the conviction. The evidence supports the conviction and the jury did not clearly lose its way in finding appellant guilty of the charge of attempted rape.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J., Hoffman, J., and Farmer, J., concur.
______________________________
______________________________
 ______________________________ JUDGES
JWW/d 21
JUDGMENT ENTRY
CASE NO. 1998CA00165
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
______________________________
______________________________
______________________________
JUDGES